# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LUNA LaTOYA BEY, *et al.*, | : | Case No. 3:20-cv-00043 |
| Plaintiffs, | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| MAGISTRATE KIMBERLY HARSHBARGER, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Luna LaToya Bey and Aladdin Moroc Bey have filed a Motion for Leave to Appeal *In Forma Pauperis* along with their *pro se* Complaint. But they did not sign their Motion or their Complaint. Consequently, the Court ordered them to submit a signed Motion to Proceed *In Forma Pauperis* on or before February 24, 2020. (Doc. #2).

Plaintiffs did not comply with, or respond to, the Order. The Court therefore informed them in an Order to Show Cause that Fed. R. Civ. P. 11(a) "requires Plaintiff to sign '[e]very pleading, written motion, or other paper …' they submit in this case, including, their Motion for Leave to Appeal *In Forma Pauperis* and Complaint." (Doc. #4, *PageID* #60). The Court further ordered them to show cause−not later than March 12, 2020−why this case should not be dismissed for failure to prosecute. *Id*. The Court also provided Plaintiff with the alternative of filing a signed Motion to Proceed *In Forma*

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

*Pauperis* by March 12, 2020. *Id*. And the Court notified them that if they did not respond to the Order to Show Cause, their case may be dismissed for lack of prosecution. *Id*. Plaintiffs did not file a timely, or any, response to the Order to Show Cause.

Other than filing their Motion to Proceed *In Forma Pauperis* and their Complaint, Plaintiffs have not prosecuted their case. Their inactivity means that their Motion and Complaint remain unsigned in violation of Rule 11(a). Their silence in response to Order to Show Cause leaves the record void of any explanation for this. And, Plaintiffs have not taken any action in this case since filing their Motion and Complaint.

"If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). District courts, moreover, have the inherent power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Considering the above-described circumstances, including the prior Notice to Plaintiffs that their case may be dismissed if they did not respond to the Order to Show Cause, dismissal of this case is warranted due to Plaintiffs' failure to prosecute. *See id*.; *see also* Fed. R. Civ. P. 41(b).

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Complaint be dismissed without prejudice; and
2. The case be terminated on the Court's docket.

March 25, 2020                                             *s/Sharon L. Ovington*
                                                                                 Sharon L. Ovington
                                                                                 United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within FOURTEEN days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).